THE STATE EX REL. NOLAND, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Noland v. Indus. Comm.* (1997), 79 Ohio St.3d 480.]

(No. 95–856—Submitted August 26, 1997—Decided September 24, 1997.)

---

*E.S. Gallon & Associates* and *Richard M. Malone,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Toki M. Clark,* Assistant Attorney General, for appellant.

---

*Per Curiam.* The commission's order identifies the evidence that it considered in reaching its decision. Absent from this list is evidence from the commission's rehabilitation division, which includes reports from Drs. Tecklenburg and Bensonhaver. This omission implies that the commission did not examine this evidence. *State ex rel. Fultz v. Indus. Comm.* (1994), 69 Ohio St.3d 327, 631 N.E.2d 1057.

The commission does not dispute this conclusion, arguing instead that its failure is excused by what it considers to be the nonprobative character of this evidence. We disagree.

Contrary to the commission's representation, the rehabilitation evidence is very relevant to the present inquiry. Both Drs. Tecklenburg and Bensonhaver state that claimant's allowed psychiatric condition produces symptoms that negatively affect claimant's ability to work or retrain—key factors in a permanent total disability determination. The commission was, therefore, required to include this evidence in its deliberations and cannot attempt to excuse its failure to do so by belatedly citing perceived deficiencies that were never mentioned in its order.

Accordingly, the judgment of the court of appeals is affirmed, the commission's order is vacated, and the cause is returned to it for further consideration and amended order consistent with our decision in *Fultz*.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.