[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 480.]

THE STATE EX REL. NOLAND, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Noland v. Indus. Comm*., 1997-Ohio-163.]

*Workers' compensation—Industrial Commission's order denying permanent total disability compensation vacated and cause returned for further consideration and amended order when the commission fails to consider all the evidence before it.*

(No. 95-856—Submitted August 26, 1997—Decided September 24, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD05-655.

————————————

{¶ 1} On November 23, 1979, appellee-claimant, Vernon Noland, sustained a gunshot wound while in the course of and arising from his employment as a police officer for the city of Dayton. His workers' compensation claim was allowed for "laceration to head; right frontal compound depressed skull fracture; dysthymic disorder with anxiety."

{¶ 2} In 1987, claimant moved appellant, Industrial Commission of Ohio, for permanent total disability compensation. He accompanied his motion with a report from Dr. Peter E. Nims, who wrote:

"After examining Mr. Vernon, it is my opinion that he has a dysthymic disorder (D.S.M.-III: 300.40) and that this disorder is of a permanent and total nature. His present condition seems stable and he seems to have reached his maximum recovery. His symptoms of dysphoric mood, a loss of interest, poor concentration, feelings of hopelessness and helplessness, insomnia, social isolation, and tremulousness would interfere with his ability to work in any productive way."

{¶ 3} A combined-effects review by commission specialist Dr. Paul A. Dillahunt concluded:

"The claimant suffers a 0% permanent partial impairment from laceration of the head; 2% permanent partial impairment from right frontal compound depressed skull fracture; 50% permanent partial impairment from dysthymic disorder with anxiety. Attention is directed to combined values charts, AMA Guides, which repor[t] that 0% combined with 2%, combined with 50%, results in 51.

"In view of the claimant's mental impairment, it is within reasonable medical probability and certainty to conclude that claimant is not substantially able to perform his former duties of employment and he is permanently unable to return to his former occupation of police sergeant which involves management of stressful situations. Although claimant is precluded to [*sic*] perform the duties of his usual and customary occupation, it is not within reasonable medical probability and certainty to conclude from the medical proof of record in the industrial claim file that claimant is precluded of [*sic*] performing some other sustained and gainful employment. Claimant is not permanently and totally impaired from the combined effects of the allowed conditions of the industrial accident of 11/23/79.

"It is within reasonable medical probability and certainty to conclude after reviewing the medical proof of record of the industrial claim file and attention is drawn solely to the allowed conditions of the industrial accident of 11/23/79[,] the claimant retains the residual functional capacity to perform light work. * * *

"In addition to the orthopedic impairment, it must be noted that claimant's mental impairment would further compromise claimant's occupational opportunities. The claimant is tensed, nervous, irritable and anxious and can't cope with stress which would indicate [that] claimant should be employed in a low stressed [*sic*] occupation. Claimant's memory is intact for recent and remote events but claimant's attention span is short and the ability to concentrate is poor which would compromise claimant's ability to carry out detailed instructions or to maintain attention and concentration for extended periods. Claimant has social

withdrawal with no social life which would compromise claimant's ability to work in coordination with or proximity to others without being distracted by them. The claimant retains the ability to comprehend and reason which indicates claimant has ability to make simple work related decisions."

{¶ 4} Claimant was referred to the commission's rehabilitation division for evaluation of his rehabilitation potential. During the course of his evaluation, claimant experienced an explosive psychiatric incident and was admitted to the hospital for crisis stabilization. When contacted by the rehabilitation division with regard to resumption of rehabilitation, attending psychiatrist Dr. Charles Bensonhaver responded:

"1. What is the claimant's diagnosis and prognosis?

"Primary diagnosis is dysthymic disorder. Secondary diagnosis is post traumatic stress disorder, dependent personality disorder, history of alcoholism. Prognosis is guarded, except for alcoholism, fair.

"2. When will the claimant be able to resume an active rehabilitation program?

"Doubtful if this can happen at least within the next year, possibly never. A program structured such as at the Camera Center would be a total failure.

"3. What recommendations (if any) would you suggest for the rehabilitation plan?

"None of merit comes to me at this time."

{¶ 5} A report from commission psychologist Dr. Kenneth Tecklenburg was also obtained by the Rehabilitation Division. Under the heading, "Barriers to Re-Employment/Recommendations," Dr. Tecklenburg stated:

"1. Long-term psychological intervention to cope with and resolve anxiety issues from the incidents which have caused Mr. Noland injury. Continued alcohol counseling and a rigorous routine program with an alcohol support group.

"2. Part-time volunteer work which is low-stress and which Mr. Noland is capable of handling.

"3. A re-evaluation when Mr. Noland's psychiatric symptoms have abated, to determine his ability for rehabilitation and possible return to work and to determine a possible rehabilitation program if Mr. Noland is capable of returning to work."

{¶ 6} On June 20, 1990, the rehabilitation division closed claimant's file.

{¶ 7} The commission, on September 17, 1992, denied permanent total disability compensation, writing:

"The reports of Drs. Brown, Nims, Flexman, Louis, Dillahunt and Farrell were reviewed and evaluated. This order is based particularly upon the reports of Drs. Louis, Flexman, Farrell and Dillahunt, and the evidence in the file and the evidence adduced at the hearing.

"The medical evidence found persuasive are the reports of Commission Specialists Drs. Louis, Flexman, Farrell and Dillahunt. Dr. Louis, a Commission Neurologist, opines that the claimant demonstrates no impairment due to his allowed physical conditions. Dr. Flexman, a Commission Neuropsychologist, estimates the claimant's dysthymic disorder to represent a 20% permanent partial impairment and opines the claimant is capable of gainful employment. Dr. Farrell, a Commission Psychologist, opines that the claimant's psychological problems are primarily related to his alcohol problem. The Combined Effects review of Dr. Dillahunt assesses the claimant's overall impairment 51% and opines claimant retains the ability to engage in low stress light duty work. Thus, the medical evidence indicates that claimant has a very minor physical impairment and a moderate psychological impairment which would allow him, at the minimum, to engage in low stress light duty work. It is noted that the claimant is 47 years old, has a 12th grade education, and a work history as a police officer, supervisor, and laborer. The Commission determines that the claimant likely retains some work

4

skills transferable to light duty employment as a result of his experience as a police officer and supervisor. Furthermore, the Commission finds the claimant's relatively young age of 47 and 12th grade education suggest the claimant has the opportunity, motivation and qualifications necessary to successfully train and be employed in low stress light duty work. Thus, finding the skills to presently engage in and/or be trained for sustained remunerative employment consistent with his work restrictions, the Commission denies his application for permanent total disability."

{¶ 8} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying him permanent total disability compensation. The court of appeals found that the commission had failed to consider all the evidence before it, vacated the commission's order, and returned the cause for further consideration and amended order.

{¶ 9} This cause is now before this court upon an appeal as of right.

————————————

*E.S. Gallon & Associates* and *Richard M. Malone*, for appellee.

*Betty D. Montgomery*, Attorney General, and *Toki M. Clark*, Assistant Attorney General, for appellant.

————————————

*Per Curiam*.

{¶ 10} The commission's order identifies the evidence that it considered in reaching its decision. Absent from this list is evidence from the commission's rehabilitation division, which includes reports from Drs. Tecklenburg and Bensonhaver. This omission implies that the commission did not examine this evidence. *State ex rel. Fultz v. Indus. Comm*. (1994), 69 Ohio St.3d 327, 631 N.E.2d 1057. The commission does not dispute this conclusion, arguing instead

that its failure is excused by what it considers to be the nonprobative character of this evidence.  We disagree.

**{¶ 11}** Contrary to the commission's representation, the rehabilitation evidence is very relevant to the present inquiry.  Both Drs. Tecklenburg and Bensonhaver state that claimant's allowed psychiatric condition produces symptoms that negatively affect claimant's ability to work or retrain—key factors in a permanent total disability determination.  The commission was, therefore, required to include this evidence in its deliberations and cannot attempt to excuse its failure to do so by belatedly citing perceived deficiencies that were never mentioned in its order.

**{¶ 12}** Accordingly, the judgment of the court of appeals is affirmed, the commission's order is vacated, and the cause is returned to it for further consideration and amended order consistent with our decision in *Fultz*.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————